**PD**

FILED

NOV 1 8 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

D. Wesley Cornish, Esquire
Id #: 310865
Cornerstone Legal Group, LLC
1510 Cecil B. Moore Avenue, Suite 301
Philadelphia, PA 19121

**JURY**
Damage Assessment Required


**Attorney for Plaintiffs**

## IN AND FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

*Plaintiffs*          **14      6639**

RONALD PURDIE, RAGIB WITHERSPOON, and JAMES FANNINGS.

Case No._____

VS.

*Defendants*

POLICE OFFICER MICHAEL SPICER, POLICE OFFICER PERRY BETTS, CITY OF
PHILADELPHIA, POLICE OFFICER JEFFREY WALKER, POLICE OFFICER THOMAS
LICIARDELLO, POLICE OFFICER JONATHAN SPEISER, POLICE OFFICER BRIAN
REYNOLDS, POLICE OFFICER LINWOOD NORMAN, POLICE COMMISSIONER CHARLES
RAMSEY FIRST DEPUTY COMMISSIONER RICHARD ROSS JR., DEPUTY COMMISSIONER
KEVIN BETHEL, DEPUTY COMMISSIONER THOMAS WRIGHT, DEPUTY COMMISSIONER
WILLIAM BLACKBURN, DEPUTY COMMISSIONER DENISE TURPIN, SHANNON REYNOLDS,
SALENA LICIARDELLO, SHARON E. BETTS, MARYANNE SPEISER, DONNA SPICER, and
MICHELLE NORMAN; officially, personally and all together individually, personally, joint, and severally.



$400

PD

**D. Wesley Cornish, Esquire**
**Id #: 310865**
**Cornerstone Legal Group, LLC**
**1510 Cecil B. Moore Avenue, Suite 301**
**Philadelphia, PA 19121**

**JURY**
Damage Assessment Required

**14**    **6639**

**Attorney for Plaintiffs**

## IN AND FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

*Plaintiffs*

**14**    **663**

**RONALD PURDIE, RAGIB WITHERSPOON, and JAMES FANNINGS.**

Case No._____

VS.

*Defendants*

**POLICE OFFICER MICHAEL SPICER, POLICE OFFICER PERRY BETTS, CITY OF PHILADELPHIA, POLICE OFFICER JEFFREY WALKER, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER JONATHAN SPEISER, POLICE OFFICER BRIAN REYNOLDS, POLICE OFFICER LINWOOD NORMAN, POLICE COMMISSIONER CHARLES RAMSEY FIRST DEPUTY COMMISSIONER RICHARD ROSS JR., DEPUTY COMMISSIONER KEVIN BETHEL, DEPUTY COMMISSIONER THOMAS WRIGHT, DEPUTY COMMISSIONER WILLIAM BLACKBURN, DEPUTY COMMISSIONER DENISE TURPIN, SHANNON REYNOLDS, SALENA LICIARDELLO, SHARON E. BETTS, MARYANNE SPEISER, DONNA SPICER,** and **MICHELLE NORMAN;** officially, personally and all together individually, personally, joint, and severally.

## VERIFIED COMPLAINT

1.  Plaintiff Ronald Purdie ("Pudie"), James Fannings ("Fannings"), and Ragib Witherspoon

    ("Witherspoon") by and through counsel, D. Wesley Cornish, Esquire, states as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants reside in this district and virtually all of the acts described in this Complaint occurred in this district.

## PLAINTIFFS

5. Plaintiff is Ronald Purdie, an individual and resident of the Commonwealth of Pennsylvania with an address of 2454 North 32nd Street Philadelphia, Pennsylvania 19136.

6. Plaintiff is Ragib Witherspoon, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 2515 North Marshall Street Philadelphia, PA 19133.

7. Plaintiff is James Fannings, an individual and resident of the Commonwealth of Pennsylvania with an address of 5818 Brush Road Philadelphia, PA 19138.

## DEFENDANTS

8. Defendant is Michael Spicer, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

9. Defendant is the City of Philadelphia, a city of the first class, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, the Philadelphia Home Rule Charter and Philadelphia Code, with offices located at City Hall 1501 Market Street Room 215, Philadelphia, PA 19107.

10. Defendant is Brian Reynolds, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

11. Defendant is Thomas Liciardello, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

12. Defendant is Jeffrey Walker, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

13. Defendant is Perry Betts, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

14. Defendant is Jonathan Speiser, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

15. Defendant is Linwood Norman, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

16. Defendant is Charles Ramsey, the duly appointed Police Commissioner of the Philadelphia Police Department with principal offices located in the Police Administration Building, 8th and Race Streets, Philadelphia, PA 19107.

17. Defendant is First Deputy Commissioner Richard Ross, Jr. c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

18. Defendant is Deputy Commissioner Kevin Bethel, c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

19. Defendant is Deputy Commissioner Thomas Wright c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

20. Defendant is Deputy Commissioner William Blackburn, c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

21. Defendant is Deputy Commissioner Denise Turpin, c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

22. Defendant is Shannon Reynolds, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 2617 South 17th Street Philadelphia, PA 19145.

23. Defendant is Salena Liciardello, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 850 East Cathedral Road Philadelphia, PA 19128.

24. Defendant is Sharon E. Betts, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 532 Solly Avenue Philadelphia, PA 19111.

25. Defendant is Donna Spicer, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 17 Overhill Avenue Philadelphia, PA 191116.

26. Defendant is Maryanne Speiser, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 3579 Gaul Street Philadelphia, PA 19134.

27. Defendant is Michelle Norman, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 850 School Lane Folcroft, PA 19032.

## FACTUAL BACKGROUND

28. On or about October 10, 2007 at 2:30p, in the area of 2246 North Howard Street in Philadelphia, Pennsylvania, City of Philadelphia Police Officers Brian Reynolds and Thomas Liciardello were working as members of the Narcotics Strike Force ("NSF") and/or Narcotics Field Unit ("NFU").

29. Officers Reynolds and Liciardello received information from a Confidential Informant ("CI") indicating from October 8, 2007 to October 9, 2007, a black male named "Kev" was selling and storing illegal narcotics from the 2246 North Howards Street premises.

30. The Confidential Informant stated to these NSF Officers "Kev" was selling five dollar ($5) bags of crack-cocaine and one-hundred dollar ($100) bundles of crack-cocaine.

31. Officers Reynolds and Liciardello attested to in numerous police reports the CI said a crack-cocaine bundle would consist of twenty-four (24) packets.

32. The CI also stated that "Kev" drives a Mercury Sedan with Pennsylvania tags GTH 7481 with rims.

33. Philadelphia Police Officer Jeffrey Walker[1], on duty, and assisting NSF Officers Liciardello and Reynolds, met with the CI, as well, and debriefed the CI for purchasing two (2) bundles of crack-cocaine from the 2246 North Howards Street premises.

34. Officer Walker then searched the CI, yielding negative results for any additional money, contraband, or like items, and provided the CI with two-hundred dollars ($200) in prerecorded buy money.

35. While Officer Walker debriefed and prepared the CI, Officers Reynolds and Liciardello remained on scene near the 2246 North Howards Street property.

36. After the CI left Officer Walker, Officers Reynolds and Liciardello, observed the CI approach a black male wearing a brown leather jacket, white t-shirt, and tan pants.

37. The CI engaged with this male in a brief conversation.

38. The black male then entered the 2246 North Howard Street premises with a key.

39. Approximately two (2) minutes later the same black male exited the premises and handed the CI two (2) knotted baggies, each containing red-tinted packets.

40. The CI then handed the black male the two-hundred dollars ($200) of prerecorded buy money.

41. The CI then returned to Officer Walker and turned over two (2) bags with the twenty-four (24) packets, containing alleged crack-cocaine.

42. These materials were field tested by Officer Walker to determine if they were crack-cocaine.

43. The samples tested positive indicating the contents were crack-cocaine.

44. Officer Walker searched the CI, which yielded negative results for any additional money and/or contraband.

---

[1] Officer Jeffrey Walker also a former Narcotics Strike Force member was convicted on February 24, 2014 for, attempted robbery interfering with interstate commerce, and carrying a firearm during and in relation to a crime of violence.

45. After this exchange with the CI, the above black male then, counted an undetermined amount of United States Currency, and entered the 1992 Mercury sedan with the license tag PA GTH 7481.

46. This black male entered the vehicle along with two (2) other black males.

47. All three persons left the area at which point the Police Officers terminated their surveillance.

48. Officers Liciardello, Walker, and Reynolds attested to utilizing this CI previously on similar investigations with positive results and she/he is trustworthy and reliable.

49. Officer Reynolds then obtained Search and Seizure Warrants 131965 and 131966 respectively for the 2246 North Howard Street property and the 1992 Mercury sedan.

50. On October 10, 2007 at approximately 4:15pm, Officer Reynolds conducted surveillance at 2246 North Howard Street.

51. Officer Reynolds observed a black male, later identified as Plaintiff Ragib Witherspoon and another male, later identified as Plaintiff James Fannings close to each other.

52. Mr. Fannings was one of the males who entered the Mercury and left the area with Mr. Witherspoon.

53. Also in the vehicle was Plaintiff Ronald Purdie.

54. At 4:20pm, Officer Reynolds observed Mr. Witherspoon, enter the 2246 North Howard Street property with a key and exit approximately a minute later handing Mr. Purdie a clear cylinder shaped object containing red packets.

55. Mr. Purdie then handed Mr. Witherspoon an unknown amount of United States currency.

56. At 4:26pm, Officer Reynolds observed a Hispanic male approach Mr. Witherspoon, Mr. Fannings, and Mr. Purdie and engages them in a brief conversation.

57. Shortly thereafter, the Hispanic male exchanged United States currency for an unknown object believed to be an illegal controlled substance.

58. At 4:30pm, members of the Narcotics Field Unit went to execute the above-mentioned search and seizure warrant and arrested Mr. Purdie, Mr. Fannings, and Mr. Witherspoon.

59. Officer Walker arrested Mr. Witherspoon and recovered from his pants pocket six (6) orange oval pills, alleged Xanax, three (3) blue tinted Ziploc packets each containing alleged marijuana.

60. Officer Walker also recovered three-hundred and seventy one dollars ($371) along with another one-hundred and eighty dollars ($180) from his person.

61. The one-hundred and eighty dollars ($180) prerecorded buy money used by the CI for purchasing two (2) crack-cocaine bundles, and one key that worked for the front door to 2246 North Howard Street were also found upon his person.

62. NSF Philadelphia Police Officer Perry Betts arrested Mr. Fannings and Mr. Purdie.

63. NSF Philadelphia Police Officer Michael Spicer arrested the unknown Hispanic male.

64. Narcotics Field Unit members immediately thereafter executed the search and seizure warrant for the 2246 North Howard Street property.

65. Recovered from the second floor middle bedroom, allegedly belonging to Mr. Witherspoon, was one Timberland shoebox containing alleged crack-cocaine, six letters, one social security card, one appointment card, all bearing his name and the 2246 North Howard Street address.

66. These same Police Officers also then executed the search and seizure warrant for the Mercury Sedan.

67. NSF Police Officer Michael Spicer recovered from the trunk one (1) baggy knotted containing twelve (12) blue tinted Ziploc packets each containing alleged marijuana, one (1) baggy containing twenty-eight (28) red tinted Ziploc packets, each containing alleged crack-cocaine.

68. These narcotics were immediately field tested by Officer Reynolds, which yielded positive results for prohibited contraband, respectively cocaine, marijuana, and Xanax.

69. These Officers claimed a total seizure of 2.98 grams of cocaine.

70. On February 13, 2009, Mr. Witherspoon pleads guilty to Possession with Intent to Distribute a controlled substance and Criminal Conspiracy to do the same.

71. The Honorable Leslie Fleisher accepted his guilty plea and sentenced him on the same day to four (4) to eight (8) years in prison followed with two (2) years reporting probation.

72. On May 13, 2009, Mr. Fannings plead guilty to Possession with Intent to Distribute a controlled substance and Criminal Conspiracy to do the same.

73. The Honorable Joan Brown accepted his guilty plea and sentenced him on the same day to nine (9) to twenty-three (23) months in prison.

74. On October 24, 2008 Mr. Purdie plead guilty to Possession with Intent to Distribute a controlled substance.

75. On May 22, 2013, Officer Walker was arrested by the federal government and charged with robbery, theft, possession of a weapon during a crime of violence, and related offenses.

76. Officer Walker was arrested after federal law enforcement agents witnessed him place illegal narcotics in a suspect's car, steal a house key, and enter another victim's home, therein stealing approximately fifteen thousand dollars ($15,000).

77. On February 24, 2014, Officer Walker pled guilty to attempted robbery, which interferes with interstate commerce and carrying a firearm during and in relation to a crime of violence.

78. Officer Walker admitted to federal law enforcement officials, he had regularly fabricated facts constituting probable cause regarding arrests.

79. Officer Walker also admitted he had planted drugs, stolen drugs, stolen money, and lied about those actions in the police paperwork.

80. On July 30, 2014 Philadelphia Police Officers, Jonathan Speiser, Thomas Liciardello, Brian Reynolds, Perry Betts, Linwood Norman, and Michael Spicer were arrested by federal agents.

81. A grand jury indicted these Police Officers for twenty-six (26) separate offenses spanning a six (6) year period from February 2006 until November 2012.

82. The indicted offenses against these Police Officers include but are not limited to abuse of authority, robbery, extortion, kidnapping, conspiracy, falsifying police reports, narcotics trafficking, violations of citizens' civil rights, and racketeering.

83. These Police Officers routinely stopped vehicles, entered and searched suspected drug dealers' properties, used threats and physical violence to steal property, cash, and drugs during the process.

84. There are twenty-two separate incidents where the Officers' malfeasance allowed them illegal access to obtain drugs, property, and cash valued at over five-hundred thousand dollars ($500,000.00).

85. Every accusation by the Police Officers against Mr. Purdie, Mr. Witherspoon, and Mr. Fannings was, presumably, false, and was unknown to defense counsel at the time each plead guilty.

86. On July 3, 2014, the Honorable Shelia Woods-Skipper granted, Ragib Witherspoon's Post-Conviction Relief Act ("PCRA") petition and overturned his conviction, and ordered a new trial based on these Officers' misconduct and criminality arising from the same circumstances. The Commonwealth nolle prossed any charges and agreed to refrain from commencing any further prosecution regarding this underlying conduct.

87. Due to this newly discovered evidence, James Fannings filed a PCRA to obtain a new trial on July 31, 2014.

88. Due to this newly discovered evidence, Ronald Purdie filed a PCRA to obtain a new trial on August 1, 2014.

89. On November 7, 2014 the Honorable Judge Shelia Woods-Skipper granted Plaintiff Ronald Puride's Motion for a New Trial, at which point the Prosecutor nolle prosse the remanded charges.

90. On November 7, 2014 the Honorable Judge Shelia Woods-Skipper granted Plaintiff James Fannings' Motion for a New Trial, at which point the Prosecutor nolle prosse the remanded charges.

## COUNT I – ASSAULT & BATTERY

91. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

92. At all times relevant hereto, Defendants Linwood Norman, Michael Spicer, Thomas Liciardello, Jeffrey Walker, Jonathan Speiser, Brian Reynolds, and Perry Betts were acting under and pursuant to the color of law as employees and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

93. To set forth a claim for Assault and Battery the Plaintiff must establish[2] a person: 1) Attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[3]; or 2) Negligently causes bodily injury to another with a deadly weapon[4]; or 3) Attempts by physical menace to put another in fear of imminent serious bodily injury[5]

94. Each Defendant at all relevant times owed a sworn duty and obligation to act in accordance with standard and accepted police policies and procedures and safeguard all suspected persons' civil rights, liberties, and privileges from unwarranted curtailment.

95. The Defendants collectively deprived while acting under color of law via their acts, omissions, conspiracies, lack of supervision, mismanagement, policies, customs, and improper training rights, privileges, and immunities belonging to Plaintiffs Purdie, Witherspoon, and Fannings.

96. The Defendants under color of law violated at a least the Plaintiffs rights, privileges, and immunities to liberty, free assembly, equal protection, unreasonable search and seizure, due process, cruel and unusual punishment, freedom to move/travel, and to own property free from government removal without just compensation via their acts, omissions, conspiracies, lack of supervision, mismanagement, policies,

---

[2] 18 P.S. §2701
[3] *Id.*
[4] *Id.*
[5] *Id.*

customs, and improper training when these Police Officers failed at developing probable cause or procuring a truthful factually valid warrant before making an arrest absent exigent circumstances.

97. Defendants Michael Spicer, Brian Reynolds, Jeffrey Walker, Betts, and Liciardello at all relevant times had a duty to uphold all Federal Constitutional and Statutory laws in addition to those imposed from the Commonwealth of Pennsylvania including safeguarding a person's right to be free from unreasonable search, seizures, arrest, and the like.

98. Defendants Michael Spicer, Brian Reynolds, Jeffrey Walker, Betts, and Liciardello physically exerted control over Plaintiffs Purdie, Witherspoon, and Fannings by grasping and seizing their bodies, and placing them into metal handcuffs.

99. Defendants are liable for injuring Plaintiffs Purdie, Fannings, and Witherspoon because Defendants searched, seized, handcuffed, questioned, and transported to the police station for further processing each Plaintiff.

100.    The arresting Police Officer physically struck Plaintiffs numerous times in the face, head, back, torso, legs, chest, arms, and upper body regions.

101.    During the Defendants' assault, Plaintiffs Purdie, Witherspoon, and Fannings had personal property including money and mobile phones stolen.

102.    Defendants knowingly struck Plaintiffs Purdie, Fannings, and Witherspoon after Plaintiffs provided responses not desired by the Defendants regarding alleged criminal conduct.

103.    While Defendants restrained Plaintiffs via arrest, other Defendants physically struck each Plaintiff's person against their will and without permission.

104. Defendants ignored these Plaintiffs numerous and repeated requests to stop hurting them and continued to physically strike Plaintiffs Purdie, Fannings, and Witherspoon and threatened to do more serious harm if they reported to any other police officers what they witnessed.

105. Defendants physically menaced Plaintiffs and attempted through threats and the physical violence from reporting, testifying to, or otherwise disclosing the actions the Plaintiffs witnessed the Defendants commit thereby violating their Federal and Commonwealth Constitutional rights.

106. As a result of the injuries sustained by Plaintiffs due to the Defendants combined behaviors while acting under color of law, allowing a pervasive municipal/city and law enforcement policy and custom of not closely regulating the Police Department's use of Confidential Informants during narcotics investigations, and failing to properly supervise those under their command to prevent numerous civil rights deprivations.

107. The Defendant arresting Police Officers' assault and battery, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia's, Richard Ross, Jr.'s, Kevin Bethel's, Thomas Wright's, William Blackburn's, Denise Turpin's, and Charles Ramsey's displayed deliberate indifference and reckless disregard to supervise, monitor and properly train narcotics officers with respect to their duty to provide only truthful information in securing search and arrest warrants, their duty to ensure that relationships with confidential informants are in accord with police department protocol, their duty to provide accurate and truthful information to the District Attorney's Office, their duty to report misconduct and illegal actions of other officers, and the fabrication of evidence against an accused to justify their illegal actions and conduct directly, foreseeably, legally, and proximately caused Plaintiffs' injuries.

108. Defendant City of Philadelphia has failed to properly discipline the defendant officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, and prosecutions, thereby causing the violations in this case and this callous and reckless disregard authorizes Plaintiffs to seek punitive damages[6].

---

[6] *Smith v. Wade*, 103 S.Ct. 1625 (1983)

109. Philadelphia NSF Officers have been engaged in a widespread pattern of systematic abuses of power including and not limited to assault related offenses for arresting Plaintiffs but also for other crimes such as corruption, evidence falsification, perjury, Hobbs Act robbery, and racketeering.

110. The Plaintiffs to have suffered and/or will continue to suffer injuries the following injuries and damages:

    a.  Past and future costs for medical treatment and care;

    b.  Loss of past and future earnings and earning capacity;

    c.  Loss of enjoyment of life;

    d.  Loss of enjoyment of freedom;

    e.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT II – FALSE ARREST

111. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

112. At all times relevant hereto, Defendants Linwood Norman, Michael Spicer, Thomas Liciardello, Jeffrey Walker, Jonathan Speiser, Brian Reynolds, and Perry Betts were acting under and pursuant to the color of law as employees and/or agents acting on behalf and/or pursuant to the supervision of Defendants

City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

113. To establish a claim for false arrest Plaintiffs must demonstrate an arrest was made without probable cause[7]

114. At all relevant times Defendants had a duty to train, supervise, promulgate proper policies and customs, and only use probable cause supported by truthful facts before arresting, touching, searching, and seizing Plaintiffs Purdie, Witherspoon, and Fannings and to ethically and honestly and ensure those standards are especially met confidential informants are utilized for illegal narcotics investigations.

115. At all relevant times Defendants had a duty to not arrest, search, and imprison every person(s) seen conducting a commercial transaction between citizens on a street corner when unidentified property is involved does not give rise to probable cause for an arrest[8].

116. At all relevant times Defendants Liciardello, Betts, Spicer, Walker, and/or Reynolds never observed either drugs or containers commonly known to hold drugs exchanged between the parties, thereby nullifying any probable cause to initiate an arrest and subsequent imprisonment[9].

117. Furthermore, at all relevant times Defendants Liciardello, Betts, Spicer, Walker, and/or Reynolds did not observe multiple, complex, suspicious transactions as is also required to establish probable cause to make an arrest[10].

118. Defendants Liciardello, Betts, Spicer, Walker, and/or Reynolds only observed one male engaged in a brief conversation and never actually saw illegal narcotics exchanged between any parties.

119. The Defendants knew Commonwealth law clearly demonstrated there was no probable cause because unlike *Commonwealth v. Dennis*[11], none of the Defendant Police Officers in the instant case were

---

[7] *Brockington v. City of Phila.*, 354 F.Supp.2d 563, 572 n.10 (E.D.P.A. 2005)

[8] *Commonwealth v. Lawson*, 454 Pa. 23, 29 (1973); *see Commonwealth v. Greber*, 478 Pa. 63 (1978)

[9] *Commonwealth v. Dennis*, 417 Pa. Super 425 (Pa. Super. 1993)

[10] *Lawson*, 454 Pa. at 29

[11] *Dennis*, 417 Pa. Super 425

responding to a citizen's complaint or to a legitimate, uncorrupted, regulated, supervised, and officer trained informant's tip[12].

120. Plaintiffs Purdie, Fannings, and Witherspoon complied with the Defendants commands, directions, and orders, because the Defendants were police officers acting under the color of law[13], and never attempted to flee, resist, or otherwise obstruct the Defendants' and therefore these facts eliminate another probable cause factor[14].

121. Defendants knowingly, intentionally, purposefully, and negligently failed to establish probable cause to determine Plaintiffs Purdie, Fannings, and Witherspoon possessed controlled substances with the intent to deliver before falsifying an affidavit of probable cause, obtaining search warrants via fraudulent attestations, and searching, seizing, physically striking, and improperly removing property from the Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT III – FALSE IMPRISONMENT

122. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

---

[12] *Id.*

[13] While effecting the Plaintiffs' arrest and subsequent search warrants not all Defendants wore an official police uniform and did not identify themselves as law enforcement agents during any Plaintiffs' arrest.

[14] PRELIMINARY HEARING TRANSCRIPT

123. At all times relevant hereto, Defendants Linwood Norman, Michael Spicer, Thomas Liciardello, Jeffrey Walker, Jonathan Speiser, Brian Reynolds, and Perry Betts were acting under and pursuant to the color of law as employees and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

124. To set forth a claim for False Imprisonment the Plaintiff must establish a person: 1) Detained another person[15]; and 2) the detention's unlawfulness[16]

125. Any detention is unlawful if it is a consequence of a false arrest, including one made without probable cause[17].

126. Pennsylvania has a higher standard of protection for personal liberties, rights, and immunities than does the federal requirements[18].

127. The Defendants detained the Plaintiffs when during their respective arrests on October 10, 2007 for an ongoing period.

128. The Defendants detention was unlawful because it was the result of a false arrest and/or made without probable cause.

129. Defendants at all times relevant hereto, acting under the color of law, within their scope of employment, and required duties, knowingly and unlawfully restrained Plaintiffs Purdie, Fannings, and Witherspoon without probable cause, thereby substantially interfering with the Plaintiffs' liberty, privileges, immunities, and freedom interests.

---

[15] *Brockington v. City of Phila.*, 354 F.Supp. 2d 563, 572 n.10 (E.D.P.A. 2005)

[16] *Id.*

[17] *Id.*

[18] *Commonwealth v. Gary*, 586 A.2d 887, 894-95 (Pa. 1991) (At the outset, it is important to recognize that this Court may extend greater protections under the Pennsylvania Constitution than those afforded under the U.S. Constitution)

130. Defendants knowing and unlawful actions caused Plaintiff Ronald Purdie's unjust incarceration from October 10, 2007 to November 4, 2008 violating his federal and Commonwealth Constitutional rights, privileges, and immunities.

131. Defendants knowing and unlawful actions caused Plaintiff James Fannings' unjust incarceration from October 10, 2007 to currently, clearly violating his federal and Commonwealth Constitutional rights, privileges, and immunities.

132. Defendants knew it was reasonably foreseeable if Plaintiff Fannings received a future criminal conviction he would receive an improper prior criminal history record score in addition to possible other offense enhancements regarding both Commonwealth and Federal sentencing guidelines based upon an unlawful arrest grossly and shockingly violating his rights, privileges, and immunities.

133. Further, it was also reasonably foreseeable if Plaintiff Fannings was arrested in the future and offered a plea bargain, this deal would not be an accurate representation accounting for his prior criminal history and would have substantially differed had the Government's lawyers know his prior felony case was improperly and fraudulently obtained.

134. Plaintiff Fannings plead guilty in a different case on September 6, 2013 and received a sentenced for four (4) to ten (10) years in prison, a much harsher offer and negotiated sentence because prosecutors and the court viewed it as his third felony offense[19].

135. The Defendants' actions and on-going injuries impermissibly influenced Plaintiff Fannings and coerced him into accepting a plea bargain to avoid strict penalties and enhancements for a third felony conviction.

---

[19] On October 23, 2007, Plaintiff Fannings was convicted for a felony in case CP-51-CR-0806303-2006. For CP-51-CR-0806303-2006 he received three (3) to six (6) confinement. Mr. Fannings second felony conviction and sentencing occurring on May 13, 2008 is the litigation giving rise to the instant suit CP-51-CR-0003595. For Possession with Intent to Deliver a Controlled Substance he was sentenced to nine (9) to twenty-three (23) months incarceration. In his third and last matter, CP-51-CR-0005765-2013, for which he is currently serving a sentence, he was sentenced September 6, 2013.

136. If Plaintiff Fannings and his trial counsel had been properly warned and provided *Brady*[20] material and received truthfully attested to police documents and testimony in his case involving these Defendants, then he could have more aggressively pursued a meritorious defense in both his criminal case involving these Defendants and his third felony matter without legitimate fear a conviction in the later proceeding would create an extremely unjust and Constitutionally invalid incarceration sentence.

137. While Plaintiff Fannings' appeal to have his current incarceration term modified via a resentencing hearing is statutorily stayed pending his PCRA's decision on November 7, 2014, and constitutes a continuing and on-going injury to this Plaintiff.

138. Defendants knowing and unlawful actions caused Plaintiff Ragib Witherspoon's unjust incarceration from October 10, 2007 to currently violating his federal and Commonwealth Constitutional rights, privileges, and immunities.

139. If Plaintiff Witherspoon and his trial counsel had been properly warned and provided *Brady*[21] material and received truthfully attested to police documents and testimony in his case involving these Defendants, then he could have more aggressively pursued a meritorious defense in both his criminal case involving these Defendants and he would not have been federally indicted and convicted pursuant to the Armed Career Criminal Act ("ACCA").

140. Plaintiff Witherspoon's conviction for violating the ACCA initiated after and based strongly upon his unjust conviction for possession with intent to deliver a controlled substance, a conviction subsequently overturned and nolle prossed.

141. Defendants unjustly and unconstitutionally deprived Plaintiff Witherspoon's liberty, freedom, right to present a defense, effectively assist his attorney in his defense, equal protection and due process pursuant to the law.

---

[20] *Brady v. Maryland*, 373 U.S. 83 (1963)
[21] *Id.*

142. Although, Plaintiff Witherspoon had his conviction for his criminal case involving the instant Defendants overturned and nolle prossed by the Commonwealth of Pennsylvania his federal sentence for violating the ACCA is still in the appellate process and constitutes a continuing and on-going injury to this Plaintiff.

143. The Defendants knowingly restrained the Plaintiffs while acting under the color of law substantially interfering with their liberties, privileges, and immunities including rights to possess property and not have it appropriated without just compensation, due process, equal protection, prohibition against cruel and unusual punishment, among others.

144. The Defendant arresting Police Officers' false imprisonment, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia's, Richard Ross, Jr.'s, Kevin Bethel's, Thomas Wright's, William Blackburn's, Denise Turpin's, and Charles Ramsey's displayed deliberate indifference to supervise, monitor and properly train narcotics officers with respect to their duty to provide only truthful information in securing search and arrest warrants, their duty to ensure that relationships with confidential informants are in accord with police department protocol, their duty to provide accurate and truthful information to the District Attorney's Office, their duty to report misconduct and illegal actions of other officers, and the fabrication of evidence against an accused to justify their illegal actions and conduct directly, foreseeably, legally, and proximately caused the Plaintiffs to have suffered and/or will continue to suffer the following damages:

    a. Past and future costs for medical treatment and care;

    b. Loss of past and future earnings and earning capacity;

    c. Loss of enjoyment of life;

    d. Loss of enjoyment of freedom;

    e. Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT IV – MALICIOUS PROSECUTION

145. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

146. To set forth a claim for Malicious Prosecution[22] a Plaintiff must show: 1) The Defendant is a State Actor[23], 2) The Defendants initiated a criminal proceeding[24]; 3) The criminal proceeding ended in the Plaintiff's favor[25]; 4) The proceeding was initiated without probable cause[26]; 5) The Defendants acted maliciously or for a purpose other than bringing the Plaintiff to justice[27]; and 6) The Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding[28].

147. At all times relevant hereto, Defendants Linwood Norman, Michael Spicer, Thomas Liciardello, Jeffrey Walker, Jonathan Speiser, Brian Reynolds, and Perry Betts were State and Commonwealth actors, acting under and pursuant to the color of law, as employees, appointees, and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

---

[22] *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3rd Cir. 2003); *Johnson v. Knorr*, 477 F.3d 75, 82 (3rd Cir. 2007); *see Bradley v. General Accident Ins.*, 778 A.2d 707, 710 (Pa. Super 2001).
[23] *Estate of Smith*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*

148. The Defendants initiated a criminal case against all the Plaintiffs via arrest on October 10, 2007[29].

149. The proceeding initiated by the Defendants against Plaintiff Witherspoon in his criminal case, ended in his favor on July 3, 2014 when his PCRA was granted by the Honorable Shelia Woods-Skipper and the Philadelphia District Attorney's Office nolle prossed the charges and agreed not to ever seek a criminal trial based on this tainted impermissible evidence.

150. The proceeding initiated by Defendants against Plaintiffs Fannings and Purdie will have a final determination on November 7, 2014 and will very likely be dismissed as have been hundreds of other narcotics arrests conducted by these Defendant Police Officers and considering their Co-Defendant, Plaintiff Witherspoon, who according to the arresting Defendant Police Officers was the most culpable person prosecuted, had his conviction overturned and nolle prossed.

151. The arresting Defendant Police Officers in the instant case, knowingly lacked probable cause to stop, investigate, arrest, detain, charge, attest, and testify against the Plaintiff.

152. The Defendants never witnessed a narcotics transaction between Plaintiffs Purdie, Witherspoon, and/or Fannings involving either them or any other person.

153. The Defendants attested and testified to only witnessing Plaintiff Witherspoon counting money after meeting with the fabricated Confidential Informant on the initial surveillance day.

154. The Defendants attested and testified to observing Mr. Purdie handing Mr. Witherspoon with money and Mr. Witherspoon hand an unknown object to an unknown and uncharged Hispanic male.

155. The Defendants fabricated a confidential informant's existence, and used this falsification and bogus evidence, to obtain a search warrant and plant narcotics at places the Plaintiffs frequented implicating them in criminal acts they never participated with or consented to occurring.

156. Alternatively, the Defendants used a corrupted and unreliable Confidential Informant to secure impermissible evidence and used it against these Plaintiffs collectively and individually.

---

[29] CP-51-CR-0003595-2008, CP-51-CR-0011300-2008, CP-51-CR-0006437-2008

157. The Plaintiffs contend the arresting Defendant Police Officers fabricated and attested and testified about a phantom male Hispanic drug purchaser, who was not identified, questioned, arrested, charged, and/or prosecuted to corroborate and support their search and seizure warrants and the subsequent prosecution.

158. The Defendants knew at the time they arrested and prosecuted Plaintiffs, the Commonwealth of Pennsylvania provided a higher standard regarding preserving and protecting Constitutional rights, privileges, and immunities.

159. The Defendants acted with a malicious purpose when they fabricated, attested to, and testified about fraudulent evidence leading to a wrongful conviction and constitutionally violative resultant incarceration for every Plaintiff.

160. The Defendants acted with a malicious purpose when they fabricated, attested to, and testified about fraudulent evidence while acting pursuant to and under the color of law, utilized possession of their firearms to intimidate and place in apprehension and extreme fear of serious bodily injury and/or death the Plaintiffs to provide their personal property to the arresting Police Officer Defendants against their will and vociferous verbal objections.

161. Falsifying official documents, testifying falsely after the oath requiring honesty is administered and affirmed, and actively concealing these actions to prosecute innocent persons and preserve those already obtained improperly, served no legitimate law enforcement or public welfare purpose and was used as a malicious and an extreme and outrageous event that shocks the conscience of any reasonable person, and is a complete betrayal of the Public's Trust and faith in law enforcement.

162. The Defendants' acts and omissions towards Plaintiffs made them suffer a deprivation of liberty via significant incarceration terms both before and after their sentencing, which is consistent with the concept of seizure as a consequence of a legal proceeding.

163.  The Plaintiffs' liberty deprivation occurred for this prong's purposes were the consequence of numerous related legal proceedings from their initial bail hearings until their final trial dispositions.

164. The Defendant arresting Police Officers' malicious prosecution, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia's, Richard Ross, Jr.'s, Kevin Bethel's, Thomas Wright's, William Blackburn's, Denise Turpin's, and Charles Ramsey's displayed deliberate indifference to supervise, monitor and properly train narcotics officers with respect to their duty to provide only truthful information in securing search and arrest warrants, their duty to ensure that relationships with confidential informants are in accord with police department protocol, their duty to provide accurate and truthful information to the District Attorney's Office, their duty to report misconduct and illegal actions of other officers, and the fabrication of evidence against an accused to justify their illegal actions and conduct directly, foreseeably, legally, and proximately caused the Plaintiffs to have suffered and/or will continue to suffer the following damages:

  f.  Past and future costs for medical treatment and care;

  g.  Loss of past and future earnings and earning capacity;

  h.  Loss of enjoyment of life;

  i.  Loss of enjoyment of freedom;

  j.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

165. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

166. At all times relevant hereto, Defendants Linwood Norman, Michael Spicer, Thomas Liciardello, Jeffrey Walker, Jonathan Speiser, Brian Reynolds, and Perry Betts were State and Commonwealth actors, acting under and pursuant to the color of law, as employees, appointees, and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

167. To set forth a claim for Intentional Infliction of Emotional Distress[30] a Plaintiff must demonstrate: 1) The Defendants' conduct was extreme and outrageous[31]; 2) Defendants' conduct was intentional or reckless[32]; 3) Defendants' conduct caused emotional distress[33]; and 4) The distress must be severe[34].

168. Fabricating evidence, lying about a CI's existence and reliability in filings the Defendants knowingly would be utilized in court proceedings, the continued concealment by confederates, all while carrying a firearm and acting under the color of law utilizing extortion and threats thereof to impermissibly deprive Plaintiffs of their Constitutionally protected rights, liberties, privileges, and immunities is extreme and outrageous conduct that shocks a reasonable person's conscience.

169. The Defendants' conduct is especially egregious, extreme, and shocking because they were all tasked with upholding general society's and the Philadelphia community's public safety, general welfare, order, and laws and instead used those powers to enrich themselves by stealing and misappropriating the

---

[30] *Salerno v. Philadelphia Newspapers, Inc.*, 546 A.2d 1168, 1172 (1988)
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*

Plaintiffs' collective property, perpetrate fraud upon the criminal tribunals with their falsified documents and testimony, and the sheer size of their conspiracy.

170.  This chain conspiracy extends to at least 1999 and has endemically perverted justice throughout the Philadelphia Police Department's Narcotics Strike Force leading to a massive amount of corruption and abuses of authority has led to thousands of wrongful convictions and the destruction of peaceful life for some of the city's poorest, most at risk citizens, and neighborhoods is extreme and outrageous conduct. The number of families and persons harmed and emotionally scarred and damaged due to these Defendants' actions is currently too incalculably large to determine.

171.  The arresting Defendants knew pursuant to the Federal Constitution, the Commonwealth Constitution, and a litany of statutes and case law from both jurisdictions, and that Pennsylvania Courts and the Legislature have established a higher standard of protection for its citizens rights, liberties, privileges, and immunities, and the Defendants from attesting in police work and testifying in previous cases knew their conduct was unethical, unconstitutional, and illegal clearly intentionally and/or recklessly.

172.  All Plaintiffs suffered emotional distress due to Defendants' extreme and outrageous conduct.

173.  The Defendants' actions caused the Plaintiffs severe distress by imprisoning them, removing almost all their basic rights, freedoms, privileges, and immunities and causing them to miss spending time with their family members and friends, not being able to attend funerals, take care of sick and dying loved ones, miss weddings, and many other live events and milestones.

174.  The Defendants' actions also deprived the Plaintiffs the opportunity for obtaining legitimate employment opportunities and additionally caused each Plaintiff, who was employed when arrested, to lose their jobs, causing severe emotional trauma and anxiety due to their inabilities to properly provide for their respective families.

175.  All Plaintiffs have suffered severe emotional and psychological consequences and effects due to the Defendants' actions, which caused their prolonged incarceration, a place where the Defendants could

reasonably foresee mental health, counseling, and psychological services are extremely limited and oftentimes below acceptable guidelines.

176.  The Defendants herein referenced in the above-referenced count caused all Plaintiffs severe emotional distress from their actions including but not limited post-traumatic stress disorder, restlessness, sleeplessness, trauma, shock, fear, anxiety, depression, and numerous other related injuries.

177. The Defendant arresting Police Officers' malicious prosecution, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiffs to have suffered and/or will continue to suffer the following damages

    k.  Past and future costs for medical treatment and care;

    l.  Loss of past and future earnings and earning capacity;

    m. Loss of enjoyment of life;

    n.  Loss of enjoyment of freedom;

    o.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE,** Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

178. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

179. To set forth a claim for Negligent Infliction of Emotional Distress the Plaintiffs must show one of four factual scenarios: 1) Situations where the Defendant had a contractual or a fiduciary duty toward the Plaintiffs[35]; or 2) The Plaintiff was subjected to Physical Impact[36]; or 3) The Plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury[37]; or 4) The Plaintiff observed a tortious injury to a close relative[38]

180. In this matter, only the first three Negligent Infliction of Emotional Distress factors are applicable as no Plaintiffs are closely related.

181. General principles of tort law suggest that Defendants owed Plaintiffs a duty of care under the circumstances because they were acting under the color of law as armed law enforcement agents, with specially enumerated governmental privileges to compel compliance and initiate the legal use of force.

182. The Commonwealth Superior Court indicated the reach of the first type of Negligent Infliction of Emotional Distress claim, relevant here, is limited "'to preexisting relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach[39].'"

183. There must exist a special relationship between the Plaintiff and Defendant that "'encompass[es] an implied duty to care for the Plaintiff's emotional well-being[40].'"

184. Foreseeability of a Plaintiff's injury "is a crucial element in determining whether imposition of a duty on an alleged tortfeasor is appropriate"[41].

---

[35] *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 197-98 (Pa. Super 2008), *order aff'd by equally divided court*, 36 A.3d 83 (Pa 2011)

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 218 (Pa. Super 2012)(quoting *Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 95 (Pa 2011)(opinion in support of affirmance)

[40] *Id.* (quoting Toney v. Chester Cnty. Hosp., 36 A.3d at 95).

185. The test for negligence is one of "reasonable foreseeability"[42].

186. All Defendants were acting under the color of law as armed law enforcement agents, with specially enumerated governmental privileges to compel compliance and initiate the legal use of force and knew and understood utilizing force may be necessary and therefore had a duty to only use the necessary amount of force to achieve their objectives.

187. The Defendants subjected the Plaintiffs to physical impact when they arrested and restraining them with metal handcuffs, searched, and seized their persons, then placed them into transportation in a locked, inescapable metal bar reinforced police vehicle, and placed them against their will into jail where no Plaintiff could leave.

188. *Consolidated Rail Corp*[43], provides the definition for zone of danger rules, and similarly here, at all times from their initial encounter with the Defendants until they were brought before the Court, the Plaintiffs were in a zone of danger because due to the Defendants violent actions towards all of them in very close proximity to each other during their respective arrests, in addition to verbal threats and coercion to prevent disclosing the Defendant's behavior subsequently made, placed every Plaintiff in immediate risk of physical harm by the Defendants' negligence and frightened each Plaintiff by the risk harm.

189. The Defendants' actions caused Plaintiffs thereby to reasonably experience a fear of impending physical injury via their proximity to the danger zone.

190. The Defendant arresting Police Officers' negligent infliction of emotional distress, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and

---

[41]*Carter Lincoln-Mercury, Inc. Leasing Div. v. EMAR Grp., Inc.*, 638 A.2d 1288, 1294 (N.J. 1994)

[42] *Toney v. Chester Cnty.* Hosp., 961 A.2d 192, 199 (Pa. Super 2008) (quoting *Armstrong v. Paoli Mem. Hosp.*, 633 A.2d 605, 608 (Pa. Super 1993)).

[43] *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 548 (1994) (holding if the zone of danger rule applies, plaintiffs suing for Negligent Infliction of Emotional Distress may only recover damages if they were [1] "placed in immediate risk of physical harm" and [2] frightened by the risk of harm)

Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiffs to have suffered and/or will continue to suffer the following damages

   a.  Past and future costs for medical treatment and care;

   b.  Loss of past and future earnings and earning capacity;

   c.  Loss of enjoyment of life;

   d.  Loss of enjoyment of freedom;

   e.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE,** Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT VII – CONVERSION

191. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

192. Pursuant to Pennsylvania law, conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification[44].

---

[44] *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997); *Shonberger v. Oswell*, 530 A.2d 112 (Pa. Super. 1987); Stevenson v. *Economy Bank of Ambridge*, 197 A.2d 721, 726 (1964).

193. Conversion can result only from an act intended to affect chattel. Specific intent is not required, however, but rather intent to exercise dominion or control over the goods, which is in fact inconsistent with the plaintiff's rights, establishes the tort[45].

194. A plaintiff must demonstrate a present possessory right to the chattel in question before plaintiff can claim conversion[46].

195. Money may the subject of conversion[47] and a fiduciary or other trust relationship is irrelevant in determining whether a person converted property[48].

196. The United States currency and property removed from the Plaintiffs' persons, and property was legally possessed and each Plaintiff had a legally protected interest within it[49].

197. When the Defendants removed thousands of dollars from the Plaintiffs persons and property and when they seized other personal property and continue to unlawfully retain it, knowingly utilized these items for their own purposes, with the intent to deprive the owners' of rightful use, ownership, was clearly done without the Plaintiffs' consent and no lawful justification existed for doing so.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Shannon Reynolds, Salena Liciardello, Sharon Betts, Donna Spicer, Maryanne Speiser, and Michelle Norman, in their individual and personal capacities, individually, jointly, and severally in a compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

---

[45] *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997)

[46] *Pittsburgh Construction Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. 2003)

[47] *Shonberger v. Oswell*, 530 A.2d at 114; *Bernhardt v. Needleman*, 705 A.2d at 878; *Pearl Assurance Co. v. National Ins. Agency,* 30 A.2d 333, 337 (1943)

[48] *Martin v. National Surety Corp.*, 262 A.2d 672 (Pa 1970)

[49] *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997)

## COUNT VIII – NEGLIGENCE

198. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

199. A supervisory official may be liable even where not directly involved in the constitutional violation. The misconduct of the subordinate must be "affirmatively link[ed]" to the action or inaction of the supervisor[50].

200. The personal involvement of a supervisor may be established by showing that he (1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated[51].".

201. Plaintiffs allege only Defendant Linwood Norman was a supervisor whom was directly involved and participated with violating duties owed to the Plaintiffs.

202. Defendant Norman along with Defendants Walker, Spicer, Speiser, Liciardello, Betts, and Reynolds conspired and actively worked together and shared misappropriated property with one another whenever these acts were done towards innocent civilians.

203. Defendants City of Philadelphia, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin failed to remedy the violations committed by subordinate Defendants Norman, Walker, Spicer, Speiser, Liciardello, Betts, and Reynolds despite numerous reports regarding malfeasance and abuse of authority submitted to them[52].

204. Defendants City of Philadelphia, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin while supervising subordinate Defendants Norman, Walker,

---

[50] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976);

[51] *Iqbal v. Hasty*, 490 F.3d 143,152 (2d Cir. 2007) *cert. granted sub nom Ashcroft v. Iqbal*, 128 S. Ct. 2931 (2008)

[52] These materials include but are not limited to Official Citizen Complaints, Internal Affairs Complaints, and Police Board of Inquiry Reports and Findings

Spicer, Speiser, Liciardello, Betts, and Reynolds allowed an internally created and/or custom to not closely supervise, train, oversee, and maintain quality control on the Narcotics Strike Force Officers who conducted drug investigations.

205. Defendants City of Philadelphia, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin while supervising subordinate Defendants Norman, Walker, Spicer, Speiser, Liciardello, Betts, and Reynolds allowed a City policy and/or custom to not closely manage, supervise, conduct integrity checks upon, and/or otherwise utilize reasonable measures to ensure Confidential Informants exist, are reliable, do not falsify evidence, and/or are not serious criminals framing other persons to conceal their criminal activity.

206. Defendants City of Philadelphia, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin while supervising subordinate Defendants Norman, Walker, Spicer, Speiser, Liciardello, Betts, and Reynolds were grossly negligent in supervising subordinates who committed the violations.

207. Numerous public and private complaints were filed by persons throughout the jurisdiction claiming Defendants Norman, Walker, Spicer, Speiser, Liciardello, Betts, and Reynolds along with numerous other Narcotics Strike Force Officers were on a wide and pervasive scale depriving suspects of their Federal and Commonwealth Constitutional Rights via property theft, false arrest, false imprisonment, assault, robbery, kidnapping, and other related crimes.

208. These complaints and requests for help against Defendants Norman, Walker, Spicer, Speiser, Liciardello, Betts, and Reynolds conduct to their superiors went unheeded in a grossly negligent manner as these Officers were often exonerated or had charges against them classified as unfounded by the Police Department, Commissioners, superiors, and the Internal Affairs Department.

209. Defendant Commissioner Charles Ramsey has publicly expressed numerous times his inability to effect change within the Philadelphia Police Department via sterner discipline, suspensions, and/or

terminations stems from the cost and concessions necessary to satisfy the Fraternal Order of Police Officers' Union.

210. Defendants City of Philadelphia, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin were deliberately indifferent to the Plaintiffs' and others' rights by failing to act on information constitutional rights were being violated by Defendants Norman, Liciardello, Spicer, Speiser, Reynolds, Walker, and Betts on a massive scale and instead placed money, political gain, labor peace, lessened controversy, and liability above safeguarding the citizens they were entrusted with protecting all while acting under the color of law.

211. Plaintiffs' injuries were the direct, legal, and proximate result of negligent acts and omissions committed by Defendants Norman, Spicer, Speiser, Liciardello, Walker, Reynolds, Betts, Ross, Jr., Turpin, Bethel, Ramsey, City of Philadelphia, Wright, and Blackburn.

212. The Defendant arresting Police Officers' defamation, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiffs to have suffered and/or will continue to suffer the following damages

    a.  Past and future costs for medical treatment and care;

    b.  Loss of past and future earnings and earning capacity;

    c.  Loss of enjoyment of life;

    d.  Loss of enjoyment of freedom;

    e.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

### COUNT IX – DEFAMATION

213. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length

214. The Defendants' false attestations contained within the police paperwork and subsequent testimony in a public forum during open court proceedings caused the Plaintiffs injury, anxiety, embarrassment, loss of reputation, and fear and these communications by Defendants tend to harm the Plaintiffs' reputation and injure each of them in his business and/or profession.

215. The falsified evidence, attestations, and testimony numerous times in different circumstances demonstrate these statements and writings about Plaintiffs were not subject to a potential innocent interpretation, which a reasonable person could infer.

216. The Defendants utilized actual malice and published their writings and words to the public with knowledge of their falsity and with a reckless disregard for the truth.

217. The Plaintiffs never consented to the Defendants making any such statements or writings as they did and continue to dispute them.

218.  The Defendant arresting Police Officers' defamation, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and

policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiffs to have suffered and/or will continue to suffer the following damages

    f.  Past and future costs for medical treatment and care;

    g.  Loss of past and future earnings and earning capacity;

    h.  Loss of enjoyment of life;

    i.  Loss of enjoyment of freedom;

    j.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT X – INVASION OF PRIVACY

219. Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length

220. The Defendants invaded the Plaintiffs' privacy and portrayed them in a false light in the public eye by providing unwanted and negative publicity via falsifying criminal acts, presenting this fake material to a tribunal, and unjustly securing all three (3) Plaintiffs convictions, extreme, outrageous, and highly offensive conduct.

221. These statements and writings are of no legitimate concern to the public, have no newsworthy value, and simultaneously drain the community's resources and erode its trust towards Government and law enforcement officials.

222. The Defendants actions when improperly searching and seizing Plaintiffs persons and in Plaintiff Witherspoon's case his home and vehicle was a highly offensive intrusion of Plaintiffs' solitude and enjoyment of peaceful assembly.

223. Plaintiff Witherspoon has a reasonable expectation of privacy in his vehicle and his home.

224. Plaintiffs Fannings and Purdie had a reasonable expectation of privacy from intrusion upon seclusion when they were present inside Plaintiff Witherspoon's vehicle especially because Mr. Witherspoon secured his property and never consented to his property and/or himself from unjust search and entrance.

225. The Defendant arresting Police Officers' invasion of privacy, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiffs to have suffered and/or will continue to suffer the following damages

    k.  Past and future costs for medical treatment and care;

    l.  Loss of past and future earnings and earning capacity;

    m. Loss of enjoyment of life;

    n.  Loss of enjoyment of freedom;

    o.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiffs demand judgment against Defendants Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Charles Ramsey, City of

Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT XII – PUNITIVE DAMAGES

226.  Plaintiffs allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

227. In awarding punitive damages, "[t]he proper focus is on 'the act itself together with all the circumstances."[53]. The focus, therefore, is on the conduct, not on the excuses offered at trial. Furthermore, " '[p]unitive damages may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others.' "[54].

228.  Defendants' actions in depriving Plaintiffs of their rights, freedoms, and liberties is so outrageous as to shock the conscience of reasonable persons and evidence reckless indifference for the Plaintiffs' rights.

229.  Municipalities and cities are liable for damages flowing from constitutional violations that it caused through the execution of its policy or custom.

230.   The City of Philadelphia did that here by failing to properly train, supervise, investigate, hold accountable, prevent, and arrest a litany of rogue officers with the Narcotics Strike Force[55].

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty–Thousand Dollars ($150,000) against all Defendants, officially, personally, professionally, individually, jointly, and severally.

---

[53] *Rizzo v. Haines*, **520 Pa. 484**, 507, **555 A.2d 58**, 69 (1989).

[54] *Feld v. Merriam*, **506 Pa. 383**, 395, **485 A.2d 742**, 747-48 (1984).

[55] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-92 (1978); *see Owen v. City of Independence*, 445 U.S. 622 (1980).

Respectfully Submitted,

David Wesley Cornish, Esquire
Bar Id No: 310865
Supervising Attorney
Cornerstone Legal Group, LLC
1510 Cecil B. Moore Avenue, Suite 301
Philadelphia, PA 19121
888-313-1385
215-752-6762 (Facsimile)
ATTORNEY FOR PLAINTIFFS

*DATE*: November 12, 2014

## VERIFICATAION OF COMPLAINT

I, Ronald Purdie, a citizen of the United States of America and a resident of Philadelphia County,

Pennsylvania, hereby declare that I have read the foregoing Verified Complaint and the factual

allegations therein, and the facts as alleged and true and correct.

Date:   November 12, 2014

_Ronald Purdie_

Ronald Purdie

Sworn to and subscribed before me this the ⟍2ᵗʰ⟋ day of November, 2014

_[signature]_

NOTARY PUBLIC

My Commission Expires:

_June 20, 2016_

```
COMMONWEALTH OF PENNSYLVANIA
          Notarial Seal
     Hope Cornish, Notary Public
   Bensalem Twp., Bucks County
  My Commission Expires June 20, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES
```

Commonwealth of Pennsylvania

County of _Philadelphia_